# In re Widening of Chestnut Street.

The Court of Quarter Sessions of the county of Philadelphia has no jurisdiction of a proceeding to widen a street in said city on one side thereof, upon the petition of the property holders only on the side to be widened. The petition therefor should be submitted to the Board of Surveyors, and if approved by them the proceedings should be in accordance with the Act of June 6th 1871.

January 11th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia county:* Of January Term 1877, No. 115.

The proceedings in the court below were as follows: . William Conway and others, on the 2d of October 1875, filed a petition in the Court of Quarter Sessions, which set forth that "they were the owners of real estate upon the south side of Chestnut street, between 15th and 16th streets; that the line of the houses on the south

[In re Widening of Chestnut Street.]

side of Chestnut street, as at present built, is south of the established line of the street; that the necessity of business and travel demand that the said street be widened at least to the extent that the houses recede from the street. They therefore pray that a jury be appointed to view the said locality, and to report upon the expediency of widening said street between said points."

The court on the same day appointed a jury, who subsequently reported that the necessities of business and travel demand that Chestnut street, between Fifteenth and Sixteenth streets, be widened on the south side thereof to the extent that the houses or buildings on said south side recede from the present established south line of said street, and therefore that it is expedient that the said Chestnut street, between Fifteenth and Sixteenth streets, should be widened upon the south line thereof, so that the width of said street should be fifty-seven feet six inches from the present north line of said Chestnut street, as established by law.

The court overruled the exceptions filed to this report and confirmed the same, when John Crump and others, parties interested, took this writ, alleging, among other errors, the want of jurisdiction in the Court of Quarter Sessions.

*A. A. Hirst, M. Arnold,* and *J. G. Rosengarten,* for plaintiffs in error.—There is no authority of law to widen the streets of Philadelphia by means of a jury of view. Two modes only are provided for the purpose of widening streets in the city. One is by direction of the City Councils, on the petition of a majority of the owners of land fronting on the street proposed to be widened (Act of April 27th 1869, sect. 1, Bright. Purd. 1287, pl. 123, and Act of March 24th 1870, Pamph. L. 547), and the other is by the Board of Surveyors of said city, upon the petition of the majority of such owners (Act of June 6th 1871, sect. 4, Pamph. L. 1354). Besides, if such power of widening by jury of view does exist, it cannot be used to make a street more than fifty feet wide (Act of June 13th 1836, sect. 5, Bright. Purd. 1273, pl. 5). As Chestnut street is now made fifty-five feet wide by an Act of April 28th 1870, Pamph. L. 1291, the limit to which a road jury may go is already passed: In re Jackson Street, 2 Norris 328.

No paper-book nor argument, contra.

Mr. Justice MERCUR delivered the opinion of the court, March 11th 1878.

This was a proceeding to widen Chestnut street, between Fifteenth and Sixteenth streets. It was commenced by petition of the owners of real estate upon the south side of the street, between the points named, to the Court of Quarter Sessions of the county of Philadelphia. The petition was presented on the 2d of October 1875, and the jurors were appointed on the same day.

[In re Widening of Chestnut Street.]

The main question presented by the assignments of error is whether the Quarter Sessions then had jurisdiction.

The legislation relating to highways in Pennsylvania shows a diversity of sentiment as to what jurisdiction should be given to the Courts of Quarter Sessions. Thus the Act of 12 William III., ch. 55, declared that all the king's highways or public roads within this province, or counties annexed, should be laid out by order of the governor and council for the time being; but the justices of the county courts were authorized to lay out for housekeepers roads (private) leading from their premises to public roads: Bradford's Laws of Pennsylvania, page 13.

The Act of 6th April 1802, Pamph. L. 178, authorized the justices of the Court of Quarter Sessions of each county in the Commonwealth, on petition, to order view and lay out public and private roads. This act, however, expressly declared that it should not interfere with any special provision theretofore made, respecting the county of Philadelphia; and it further excepted from its repealing clause, roads, lanes, alleys, and bridges in the city of Philadelphia, and in other corporate towns.

The Act of 22d March 1813, Pamph. L. 136, incorporating the district of Spring Garden, provided for the election of commissioners, who were authorized to appoint surveyors to survey and lay out such streets, roads, lanes, courts and alleys, as were deemed necessary for a regular and convenient town plan. The surveyors were to return to the commissioners two copies of the drafts and plans, one of which was to be filed in the office of the clerk of the Court of Quarter Sessions. The court was then empowered to determine whether any, and what, alteration should be made therein, and the time when the same should be opened.

The 76th sect. of the Act of 13th June 1836, Pamph. L. 566, declared the proceedings to obtain the laying out or *widening* of a street, road or alley, within the city and county of Philadelphia, should be by petition presented to the Court of Quarter Sessions at least thirty days before the commencement of each term of said court, and thereupon the court should direct a venire to issue, directing the sheriff to return a panel of forty-eight freeholders to the next term, to act as viewers in all cases of said applications, from which panel, on the return-day of the venire, the court should direct six names to be drawn as viewers, to act in each case.

The 1st sect. of the Act of 16th March 1866, 2 Purd. Dig. 1286, pl. 111, declared in all cases relating to the opening of streets upon the plans of the city of Philadelphia, and of view, review and assessment of damages for and in relation to roads, bridges or property otherwise taken for public use, the persons appointed to view, review and assess damages, should be appointed by the Court of Quarter Sessions of the county of Philadelphia, in the same manner as was "provided by the general laws of this Commonwealth."

[In re Widening of Chestnut Street.]

It provided, however, inter alia, that the several supplements to an act to incorporate the city of Philadelphia, relating to opening and widening streets or vacating the same, then in force, and not inconsistent with said act, should not be affected or repealed thereby. Precisely how far this act prescribed the mode of proceeding to merely widen a street already opened, is now unnecessary to determine. It was followed by the Act of 27th April 1869, Pamph. L. 1235. The first section of this act declares "it shall be lawful for the city of Philadelphia to widen, straighten or change the course of any of the streets of the city of Philadelphia that may be on the confirmed plans of the city, when a petition, signed by a majority of the owners of property fronting thereon, shall be submitted to councils, and a plan of the same duly prepared, and approved by the board of surveyors, shall have been confirmed by the Court of Quarter Sessions, as now provided in the law, under which the late district of Spring Garden was surveyed. The provisions of this Act of 27th April 1869 were re-enacted by the Act of 24th March 1870, Pamph. L. 547. They both declare that a proceeding to widen, straighten or change the course of any street on the confirmed plans of the city, shall be commenced by petition to councils. Both these acts, in requiring the petition to be signed by a majority of the owners of property fronting on the street to be widened or otherwise changed, manifestly included the owners of property on both sides of the street. It remained to make some provision for the widening of a street on the petition of the owners of property on one side only of the street. Hence the 4th sect. of the Act of 6th June 1871, Pamph. L. 1353, declared "that whenever a petition asking for the widening of any street in the city of Philadelphia shall be signed by a majority of the owners of property, or the owners of a majority of feet front, fronting on one side of said street, and shall be submitted to the board of surveyors of said city, they shall examine into the expediency of granting the petition as asked for, and if approved by them, the said street shall be widened upon the side on which the property of the said petitioners may be located, in accordance with the existing laws relative to opening streets in said city."

Thus in a proceeding to widen a street on one side thereof, this act gave no jurisdiction to the Court of Quarter Sessions. The petition therefor was to be submitted to the board of surveyors. If they approved of the expediency of granting the petition, the street was to be widened accordingly. No action of the Court of Quarter Sessions was required.

The thirteenth section of the Act of 23d May 1874, Pamph. L. 230, declares "the municipal authorities and courts having jurisdiction in any city of this Commonwealth, shall have exclusive control and direction of the opening, widening, narrowing, vacating, and changing grades, of all streets, alleys and highways,

[In re Widening of Chestnut Street.]

within the limits of such city, and may open or widen streets of such width as may be deemed necessary by such city authorities and courts ; proceedings to be had in such cases as are now required by law."

The language first used indicates that the municipal authorities and Court of Quarter Sessions shall unite in the exercise of all the powers enumerated in the section ; but does not prescribe the order or manner in which they shall proceed. The later clause, however, orders the "proceedings to be in such cases as are now required by law." As no law then existing authorized the Court of Quarter Sessions to appoint a jury for the purpose of widening a street on one side thereof, on the presentation of the petition of the owners fronting on that side, it acquired no such power by virtue of this section. The Quarter Sessions acquired no exclusive jurisdiction thereby which it did not possess before. It, therefore, follows that the court had no jurisdiction in the premises. As this conclusion is fatal to the proceedings, it is unnecessary to discuss the insufficient form of the petition or the ambiguous terms of the report.

> Decree reversed, report set aside, and all prior proceedings dismissed.